|    |                                                                        |
|----|------------------------------------------------------------------------|
| 1  |                                                                        |
| 2  |                                                                        |
| 3  |                                                                        |
| 4  |                                                                        |
| 5  |                                                                        |
| 6  |                                                                        |
| 7  |                                                                        |
| 8  | IN THE UNITED STATES DISTRICT COURT                                    |
| 9  | FOR THE EASTERN DISTRICT OF CALIFORNIA                                 |

ALLEN HASSAN,

        Petitioner,                  No. CIV S-05-2144 MCE DAD P

    vs.

FRED MORAWCZNSKI,

        Respondent.           <u>ORDER</u>

                               /

        Petitioner is proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 11, 2003, petitioner was convicted in Placer County Superior Court of obstructing an executive officer (Cal. Penal Code § 69), resisting a peace officer (Cal. Penal Code § 148(a)), speeding (Cal. Veh. Code § 22350), driving without possession of valid registration (Cal. Veh. Code § 4462(a)), and assault on a peace officer (Cal. Penal Code § 241(b)). (Pet. at 2, 16; Answer at 5.) On January 12, 2004, petitioner was placed on probation for three years with the condition that he perform 90 days of community service. (Pet. at 16; Answer at 5.)

        In his application for habeas relief pending before this court, petitioner alleges that he was denied the right to a unanimous jury verdict under the Sixth Amendment. (Pet. at 3.) He also claims that he was denied due process when the jury in his case was erroneously instructed

on the elements of assault and when the prosecutor committed misconduct. (Id.) Finally, petitioner seeks relief on the ground that he was denied the effective assistance of counsel. (Id.)

When petitioner commenced this action on October 25, 2005, he was on probation. (Answer at 6, n.1.) Federal courts generally have jurisdiction to consider a habeas petition only if the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005) (citing Maleng v. Cook, 490 U.S. 488, 490-491 (1989)). "A probationary term is sufficient custody to confer this jurisdiction." Id. Because over five years have passed since petitioner was placed on a three-year term of probation, it appears that this action may have been rendered moot. See Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001) (a case loses its quality as a "present, live controversy" and becomes moot when there can be no effective relief). However, although petitioner may no longer be on probation, "so long as the adverse consequences of a criminal conviction remain, a petition for writ of habeas corpus is not moot, even though petitioner's custody has expired since filing." Fowler, 421 F.3d at 1033, n.5.

Under these circumstances the court would be assisted by further briefing on the issue of whether any adverse consequences remain stemming from the conviction under attack and what, if any, effective habeas relief could still be provided to petitioner.

Accordingly, it is ORDERED that:

1. Petitioner shall file a brief with the court within 14 days of the filing of this order addressing whether any adverse consequences of petitioner's conviction remain and what, if any, effective habeas relief can still be provided through this action;

2. Respondent shall file, no later than 14 days thereafter, a reply brief addressing the same issue.

DATED: May 26, 2009.

DAD:3
hassan2144order.hc

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE